**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN LOWY and DANIEL JAFFE,<br><br>                    *Plaintiffs*,<br><br>v.<br><br>THE BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES,<br>99 New York Avenue, NE<br>Washington, D.C. 20226<br><br>and<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br><br>                    *Defendants*. | No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiffs Karen Lowy and Daniel Jaffe ("Plaintiffs"), victims of the April 22, 2022 mass shooting that occurred at and around Edmund Burke School in Northwest Washington, D.C. (the "Shooting"), by their undersigned counsel, bring this action against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the immediate release of improperly withheld records.

2.      The records at issue are responsive to a FOIA request made by Plaintiffs on July 28, 2022 concerning ATF records relating to the Shooting (the "Request"). *See* **Exhibit A** (July 28, 2022 FOIA Request).  Within hours of Plaintiffs serving their FOIA request, ATF issued a

boilerplate, blanket denial.  *See* **Exhibit B** (July 28, 2022 FOIA Request Denial).

3.      Plaintiffs accordingly submitted an administrative appeal to DOJ's Office of Information Policy on October 25, 2022.  *See* **Exhibit C** (Oct. 25, 2022 Appeal of FOIA Request No. 2022-01195).  On November 7, 2022, the Office of Information Policy affirmed ATF's refusal to provide any records in response to Plaintiffs' FOIA request.  *See* **Exhibit D** (Nov. 7, 2022 Denial of FOIA Appeal No. A-2023-00111).

4.      As such, Plaintiffs have exhausted all administrative remedies that are required before seeking judicial review.  *See* 5 U.S.C. § 552(a)(6)(A)(ii) (decision affirming denial of request for records on appeal "shall notify the person making such request of the provisions for judicial review").

5.      To date, ATF has not produced any records responsive to the Request.

6.      ATF's denial and DOJ's affirmance of that denial are contrary to both the legal requirements of FOIA and the purpose of the statute.  The Freedom of Information Act provides that federal agencies, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A).  FOIA mandates "broad disclosure of government records . . . subject to nine enumerated exemptions."  *Wolf* v. *Cent. Intel. Agency*, 473 F.3d 370, 374 (D.C. Cir. 2007) (citation omitted).  Given FOIA's broad disclosure policy, "FOIA exemptions are to be narrowly construed."  *Id.* (internal quotation omitted).  And blanket exemptions like the one ATF has asserted here are impermissible on their face.  *See, e.g.*, *Campbell* v. *Dep't Health & Human Servs.*, 682 F.2d 256, 259 (D.C. Cir. 1982); *United Am. Fin., Inc.* v. *Potter*, 531 F. Supp. 2d 29, 38 (D.D.C. 2008).

7.      There is a strong public interest in disclosure of the information sought in the

Request, which pertains to a high-profile mass shooting that occurred at and around a school in the District.

8.      Plaintiffs are victims of the Shooting.  One of them, Ms. Lowy, was shot multiple times by an AR-15 weapon while waiting to pick up her child from school in Northwest D.C.  Ms. Lowy was gravely injured.  Her life and the lives of her family, including her husband, Mr. Jaffe, will never be the same as a result.  Tragically, this is the case for thousands of District residents, and millions of Americans who experience gun violence.  Plaintiffs have a particularly strong interest in the disclosure of the information sought in the Request as they navigate and grapple with the long-lasting and ever-present consequences of the Shooting, and endeavor to identify and hold accountable those responsible for this tragic event.

9.      The information at issue also concerns public safety and the well-being of District residents, workers, and visitors more generally.  Indeed, Mayor Bowser was on the scene the day of the Shooting and met with families and neighbors impacted by this tragic event.  As she recounted to an NPR reporter several days later:

> [I]t was a striking and gut-wrenching moment as I walked with the police along Connecticut Avenue where parents had come, just sitting on street corners waiting to get news.  And as I updated them, I could see the sheer terror and panic in their eyes, and it reminded me of all the other school shooting incidents that we've seen around the country.  And it made me sad that since babies were shot and killed at Sandy Hook or since high school students at Marjory Stoneman Douglas even highlighted the shooting violence in our country to a very high level, we still haven't had meaningful change. Here's the truth. We had a 23-year-old in an apartment that had bought weapons of war legally in the state of Virginia and brought those guns to D.C. to terrorize our community.[1]

10.     Data from the Centers for Disease Control show that guns are now the leading cause

---

[1]   All Things Considered, *D.C. Mayor Muriel Bowser talks about a multipronged approach to curb gun violence*, NPR, at 1:15 (Apr. 24, 2022), https://www.npr.org/2022/04/24/1094567899/d-c-mayor-muriel-bowser-talks-about-a-multipronged-approach-to-curb-gun-violence.

of death of children in America.[2]  More than 20,000 people were killed in intentional or accidental

shootings in 2021—and tens of thousands more died by suicide using a firearm.  There already

have been more than 38,500 gun-related deaths in 2022, and it is only November.[3]  There have

been hundreds of mass shootings in the United States in 2022 alone.[4]  And in addition to the tens

of thousands of people killed by guns in the United States every year, there are many thousands

more victims of gun violence—like Plaintiffs here—who suffer serious and long-lasting physical

and emotional trauma.  For these reasons, the gun violence epidemic has been a recent area of

focus for the U.S. House Oversight Committee, which has investigated and held several hearings

on the issue of gun violence in the United States this summer alone.[5]  In sum, this is an issue of

immense public interest and importance.  In addition, unfounded denials and delays of the release

of such information harms the public interest and prolongs the suffering of Plaintiffs.

11.    Upon receipt of Plaintiffs' Request, ATF was required under 5 U.S.C. § 552(a)(3)

to conduct a reasonable search for responsive records and to make such records available to

Plaintiffs.  Rather than complying with this statutory mandate, ATF issued a boilerplate denial.

ATF's blanket denial of the Request is contrary to the provisions of FOIA, its purpose, and

controlling case law interpreting the relevant provisions.

---

[2]    *Current Causes of Death in Children and Adolescents in the United States*, N. Engl. J. Med. (May 19, 2022),  https://www.nejm.org/doi/full/10.1056/nejmc2201761.

[3]    Gun Violence Archive 2022, www.gunviolencearchive.org (last visited Nov. 13, 2022).

[4]    Julia Ledur, et al., *There have been over 300 mass shootings so far in 2022*, The Washington Post (June 2, 2022), https://www.washingtonpost.com/nation/2022/06/02/mass-shootings-in-2022/ (last updated July 5, 2022).

[5]    *Examining the Practices and Profits of Gun Manufacturers*, House Committee on Oversight and Reform, https://oversight.house.gov/legislation/hearings/examining-the-practices-and-profits-of-gun-manufacturers (last visited Sept. 30, 2022).

**JURISDICTION & VENUE**

12.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), which confers authority on this Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

13.     Venue properly lies with this Court under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

14.     Plaintiffs Karen Lowy and Daniel Jaffe are victims of the Shooting.  They are residents of Maryland and, like many residents of the "DMV," frequently visit the District, including because one of their children attended the Edmund Burke School in Northwest D.C. where the Shooting took place.

15.     Defendant ATF is a federal law enforcement agency within DOJ with its headquarters at 99 New York Avenue, NE, Washington, D.C. 20226.  ATF is an agency of the federal government within the meaning of 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1).

16.     Defendant DOJ is a federal law enforcement agency with its headquarters at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.  DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1).

**FACTUAL & LEGAL BACKGROUND**

17.     On July 28, 2022, Plaintiffs served a FOIA request on ATF seeking records relating to the Shooting.  Specifically, the Request sought records concerning several categories of documents relating to the Shooting, including: (i) information concerning the weapons, ammunition, and other equipment recovered in connection with the Shooting, including their make/model and sale/purchase; (ii) information concerning the Shooting and Raymond Spencer

(the "Suspect") collected from the apartment complex where the Suspect had rented an apartment and carried out the shooting; (iii) documents and information collected from the various other law enforcement agencies involved in responding to or investigating the Shooting; (iv) video and body camera footage from or relating to the Shooting; and (v) any reports or summaries generated by ATF or by other law enforcement agencies and subsequently shared with ATF in connection with the Shooting.  *See* **Exhibit A**.

18.     The very same day, ATF denied the Request in its entirety.  ATF invoked one boilerplate exemption as the basis for its blanket denial: "your request is denied pursuant to 5 U.S.C. § 552(b)(7)(A) because it concerns an ongoing investigation. Exemption (b)(7)(A) authorizes us to withhold investigatory records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings." *See* **Exhibit B**.

19.     ATF's near-instantaneous total denial of the Request is improper as a matter of law and public policy.

20.     ATF bears the burden to show that its search for responsive records was adequate, that any exemptions claimed in fact apply, and that any reasonably segregable non-exempt portions of records have been disclosed after redaction of exempt information.  *See Sanders* v. *Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010).

21.     An agency invoking the exemption in 5 U.S.C. § 552(b)(7)(A) "must show, by more than [a] conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding." *Campbell*, 682 F.2d at 259.  The exemption "does not authorize automatic or wholesale withholding of records or information simply because the material is related to an enforcement proceeding."  *North* v. *Walsh*, 881 F.2d 1088, 1097 (D.C.

Cir. 1989).  The disclosure of the withheld records must be reasonably expected to interfere with a future law enforcement proceeding "in a palpable, particular way."  *Id.* at 1100.  Further, the law enforcement proceeding must be "concrete," not merely possible or hypothetical.  *Durrani* v. *U.S. Dep't of Just.*, 607 F. Supp. 2d 77, 89 (D.D.C. 2009) (citation omitted).

22.     It has now been more than six months since the Shooting.  The Suspect—who is deceased—has been identified as the only individual responsible for carrying out the Shooting.  Given that he is deceased, he (obviously) cannot face criminal prosecution, so there is no basis to withhold these documents on the basis that they could be used in any "enforcement proceeding" against him.  Nor has ATF even attempted to satisfy its burden to demonstrate how disclosure could reasonably be expected to interfere with any "actual, contemplated enforcement proceeding."  *Nat'l Labor Relations Bd.* v. *Robbins Tire & Rubber Co.*, 437 U.S. 214, 232, 235 (1978).

23.     Moreover, even when an exemption applies to requested records, FOIA explicitly requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."  5 U.S.C. § 552(b); *see also Trans-Pac. Policing Agreement* v. *U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999) (district courts have "an affirmative duty to consider the segregability issue" in FOIA suits involving claimed exemptions); *Morley* v. *Cent. Intel. Agency*, 508 F.3d 1108, 1123 (D.C. Cir. 2007) (remanding based on district court's failure to consider segregability).  ATF's near-immediate boilerplate denial did not satisfy any of these legal requirements—nor did it even attempt to do so.

24.     There is information concerning the Shooting and the Suspect already in the public domain, including through several briefings and press conferences provided by the D.C.

Metropolitan Police Department and the Mayor's Office in the days following the Shooting.  It therefore is necessarily the case that there is information in the investigative file that is not properly subject to withholding.  In fact, Plaintiffs were told in June by a Metropolitan Police Department Detective—before they served the Request—that several of the law enforcement entities involved in responding to and investigating the Shooting had completed their investigations and their written reports.  Plaintiffs, however, have not been provided these reports or any other additional information since then.

25.     That information is in the public domain and not properly subject to withholding is underscored by the fact that the Fairfax County Police Department (which was also involved in the investigation into the Shooting) responded in mid-August to a substantially identical FOIA request made under Virginia law by producing "all available materials responsive to" the Request, including hundreds of pages of documents.  *See* **Exhibit E** (Fairfax County Police Department Aug. 15, 2022 FOIA Response Letter).

26.     On October 25, 2022, Plaintiffs submitted an administrative appeal to DOJ's Office of Information Policy, pursuant to 5 U.S.C. § 552(a)(6)(A)(i).  *See* **Exhibit C**.

27.     On November 7, 2022, the Office of Information Policy affirmed ATF's withholding of the responsive records and noted that Plaintiffs could file suit if dissatisfied with the Office's decision.  *See* **Exhibit D**.

28.     As Mayor Bowser acknowledged during her April 25, 2022 press conference, "[w]hen we talk about violence, we don't talk enough about the victims of violence."  Plaintiffs are two such victims.  They deserve answers to their questions.

29.     To date, ATF has not produced any records.  Accordingly, Plaintiffs now bring this lawsuit.

## CLAIM FOR RELIEF

## (Violation of FOIA, 5 U.S.C. § 552 *et seq.*)

30.    Plaintiffs repeat, re-allege, and incorporate the allegations in the foregoing paragraphs and in the Exhibits attached to this Complaint as though fully set forth herein.

31.    ATF and DOJ are agencies subject to FOIA under 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1).

32.    Pursuant to FOIA, ATF must conduct a reasonable and adequate search for records in response to a proper request and produce such documents within 20 business days or provide a lawful reason for withholding any materials as to which it is claiming an exemption.

33.    Plaintiffs' Request complied with ATF's regulations regarding the submission of FOIA requests.

34.    The records Plaintiffs are requesting are public records.

35.    The requested records are within the constructive control or possession of ATF.

36.    The requested records do not fall within any lawful FOIA exemption.

37.    ATF's issuance of a blanket, boilerplate denial and failure to adequately search for and disclose the requested public records violates FOIA.  DOJ's affirmance of ATF's issuance of a blanket, boilerplate denial and failure to adequately search for and disclose the requested public records violates FOIA.

38.    Plaintiffs are entitled to an order compelling ATF to conduct an adequate search and to disclose all of the records that are the subject of the Request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Declare that ATF and DOJ have violated their obligations under the Freedom of

Information Act, 5 U.S.C. § 552 *et seq.*;

(b) Enjoin ATF from continuing to withhold records responsive to Plaintiffs' Request;

(c) Order ATF to produce the requested records within five (5) business days of the Court's order;

(d) Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA in 5 U.S.C. § 552(a)(4)(E); and

(d) Grant Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: November 18, 2022

*/s/ Kathryn M. Ali*
Kathryn Ali (D.C. Bar No. 994633)
Elizabeth Lockwood (D.C. Bar No. 1029746)
ALI & LOCKWOOD LLP
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
(202) 651-2476
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com


*/s/ H. Christopher Boehning*
H. Christopher Boehning (*pro hac vice* motion forthcoming)
Jacobus J. Schutte (*pro hac vice* motion forthcoming)
Carly M. Lagrotteria (*pro hac vice* motion forthcoming)
Jenifer N. Hartley (*pro hac vice* motion forthcoming)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
cboehning@paulweiss.com
jschutte@paulweiss.com
clagrotteria@paulweiss.com
jhartley@paulweiss.com

*Counsel for Plaintiffs*