UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN LOWY et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES et al.,<br><br>*Defendants*. | Civil Action No. 22-3529 (JMC) |

**MOTION TO DISMISS AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the Department of Justice, by and through the undersigned counsel, respectfully move to dismiss Plaintiffs Karen Lowy and Daniel Jaffe's complaint, ECF No. 1, for failure to state a claim upon which relief can be granted. A memorandum of points and authorities in support follows, and a proposed order is attached.

## BACKGROUND

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On July 28, 2022, Plaintiffs filed a FOIA request "concerning the April 22, 2022 shooting that took place at/around Edmund Burke School in Northwest Washington D.C." Request at 1, ECF No. 1-1. The request stated that "Raymond Spencer," who is deceased, "has been identified as the only suspect responsible for the Incident." *Id.* The request further stated, "[o]ur understanding is that [ATF] was involved in the investigation into the Incident and has concluded its investigation and issued a written report." The request sought seven categories of records:

1. Documents and information related to any weapons used by or in the Suspect's possession and recovered in connection with the Incident,

> including documents concerning: (i) the make and model of any such weapons; (ii) whether and how any of these weapons had been modified in any way; (iii) whether any of these weapons were confirmed to have been discharged during the Incident; and (iv) the sale or purchase of any of these weapons, including dates of purchase(s), sales receipts and/or invoices or purchase orders, location of purchase(s) and name of seller or retailer, price and/or purchase amounts, and method of payment.
>
> 2. Documents and information related to any ammunition used by or in the Suspect's possession and recovered in connection with the Incident, including documents concerning: (i) the make and model of any such ammunition; (ii) whether any of this ammunition was confirmed to have been discharged during the Incident; and (iii) the sale or purchase of any of this ammunition, including dates of purchase(s), sales receipts and/or invoices or purchase orders, location of purchase(s) and name of seller or retailer, price and/or purchase amounts, and method of payment.
>
> 3. Documents and information related to any other equipment used by or in the Suspect's possession and recovered in connection with the Incident, including but not limited to supposed "sniper nest" equipment, M-Lok, high-capacity drum, rifle scope and tripod to prop the weapons, recovered in connection with the Incident, including documents concerning: (i) the make and model of any such equipment and (ii) the sale or purchase of any of this equipment, including dates of purchase(s), sales receipts and/or invoices or purchase orders, location of purchase(s) and name of seller or retailer, price and/or purchase amounts, and method of payment.
>
> 4. All documents and information concerning the Incident and the Suspect collected from or provided by the Ava Van Ness located at 2950 Van Ness Street NW, Washington, D.C. 20008.
>
> 5. All documents and information collected, received, and/or provided by any other law enforcement agency to the ATF in connection with the ATF's investigation into the Incident and the Suspect.
>
> 6. All video and body cam footage obtained in connection with the investigation into the Incident and/or filmed by any law enforcement agency during the Incident.
>
> 7. All reports and summaries generated by ATF or generated by other law enforcement agencies and subsequently provided to or shared with ATF in connection with the investigation into the Incident or the Suspect.

Request at 1-2.

ATF denied Plaintiffs' request in full. Response, ECF No. 1-2. ATF explained that because "the investigation relating to shooting at/around Edmund Burke School on 4/22/2022 is still open," any records that are responsive to Plaintiffs' request would be exempt from FOIA's disclosure requirement. *Id.* at 1; *see also* 5 U.S.C. § 552(b)(7)(A) (exempting from disclosure requirement "records or information compiled for law enforcement purposes" that "could reasonably be expected to interfere with enforcement proceedings"). On October 25, 2022, Plaintiffs filed an administrative appeal of ATF's denial with the Department of Justice's Office of Information Policy ("Office"). Appeal, ECF No. 1-3. On November 7, 2022, the Office affirmed ATF's response to Plaintiffs' request. Affirmance, ECF No. 1-4; Compl. ¶ 3. Plaintiff commenced this action on November 18, 2022. *See* Compl.

## LEGAL STANDARD

A complaint merits dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal thus is proper where a plaintiff "fail[s] to allege all the material elements of [its] cause of action." *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997). Moreover, "[d]ismissal with prejudice is warranted when the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1340 (D.C. Cir. 2015) (cleaned up).

## ANALYSIS

FOIA requires an agency to conduct an adequate search for responsive records and release any non-exempt, reasonably segregable portions thereof only if a request "reasonably describes such records." 5 U.S.C. § 552(a)(3)(A). The requirement that a FOIA request reasonably describe the records that it seeks is a statutory element of a FOIA claim. *Id.*; *see also Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) ("an agency is only obligated to release nonexempt

records if it receives a request that 'reasonably describes such records.'"); *Voinche v. FBI*, 412 F. Supp. 2d 60, 66 (D.D.C. 2006) (this rule is one of FOIA's "statutory requirements"). Thus, if a request fails to reasonably describe the records sought, an agency "need not honor" it, and "can decline to process the request" instead. *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020) (internal quotation marks omitted); *see also Ctr. for the Study of Servs. v. Dep't of Health & Human Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017) (a FOIA request "triggers the agency's obligation to search for and disclose all responsive records" only if it reasonably describes the records sought). Moreover, an agency must read a FOIA request "as drafted, not as either agency officials or the requester might wish it was drafted." *Nat'l Sec. Couns.*, 969 F.3d at 410.

In determining whether a request reasonably describes the records sought, "[t]he linchpin inquiry is whether the agency is able to determine precisely what records are being requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (cleaned up). A request suffices only if "a professional employee of the agency who was familiar with the subject area of the request [can] locate the record[s] with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990). A request that requires an agency "speculate about" what it seeks does not suffice. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996). "FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it." *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 88 (D.D.C. 2021).

A request for records "concerning," "pertaining to," or "relating to" a given topic, or that is phrased in similarly indeterminate terms, does not make clear precisely which records it seeks. When a request seeks records that merely "mention" or "reference" a given topic, any responsive records "could probably be found with a simple keyword search across agency databases." *Am. Ctr.*, 573 F. Supp. 3d at 85. In contrast, records that "do not even" discuss a topic nonetheless can

4

"pertain to," "relate to," or "concern" that topic. *Id.*; *see also Shapiro v. CIA*, 170 F. Supp. 3d 147, 155 (D.D.C. 2016) ("there is a difference in kind between requests for documents that 'mention' or 'reference' a specified person or topic and those seeking records 'pertaining to,' 'relating to,' or 'concerning' the same"); *Sack v. CIA*, 53 F. Supp. 3d 154, 164-65 (D.D.C. 2014) ("a record may pertain to something without specifically mentioning it"). Indeed, "such expansive phrasing would sweep in any communication even remotely related to the" topic, "leav[ing] the unfortunate FOIA processor assigned to such a case in a hopeless muddle without clear guidance about what documents are being sought." *Am. Ctr.*, 573 F. Supp. 3d at 85. An agency confronting such an indeterminate request will struggle even to identify the universe of potentially responsive records, let alone determine whether the nexus between the topic at hand and a given record is sufficiently close to say the record "concerns," "pertains to," or "related to" the topic. *See Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (the terms "concerning," "pertaining to," "relating to," and similarly indeterminate phrases "typif[y] the lack of specificity that Congress sought to preclude in the requirement . . . that records sought be reasonably described.").

Unsurprisingly, courts in this District have repeatedly recognized that a request for records "relating to" a given topic, or phrased in similarly indeterminate terms, fails to reasonably describe the records sought. *See Am. Ctr.*, 573 F. Supp. 3d at 85 (request for records "regarding in any way" a given topic was overbroad, as it would "would sweep in any communication even remotely related to" the topic); *CNN, Inc. v. FBI*, 271 F. Supp. 3d 108, 112 (D.D.C. 2017) ("[T]he language 'relate in any way to' [a given topic] was too vague"); *Pinson v. Dep't of Just.*, 245 F. Supp. 3d 225, 244 (D.D.C. 2017) (request for records "concerning" a given topic was "too vague to expect an [agency] employee familiar with the subject area to conduct a search" (internal quotation marks omitted)); *Sack*, 53 F. Supp. 3d at 163-64 (request for records "pertaining" to a given topic was

5

overbroad, as it "leaves the agency to guess at the plaintiff's intent"); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 61 (D.D.C. 2013) ("since the requests asked for all records that 'relate to' each subject area, they were inevitably subject to criticism as overbroad since life, like law, is a seamless web, and all documents 'relate' to all others in some remote fashion" (cleaned up)); *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 229 (D.D.C. 2012) (request for records "relating to" a given topic failed to reasonably describe the records sought); *Latham v. Dep't of Just.*, 658 F. Supp. 2d 155, 161 (D.D.C. 2009) (request for records "that pertain in any form or sort to" a given topic "is overly broad"); *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (request for records "that refer or relate in any way to" a given topic did "not describe the records sought with reasonably sufficient detail" (internal quotation marks omitted)).

Each section of Plaintiffs' FOIA request seeks records "related to," "concerning," and/or "in connection with" a variety of topics. Request at 1-2. These "broad descriptions" of the records sought do "not allow [Defendants] to determine precisely what records are being requested," *Tax Analysts*, 117 F.3d at 610—especially given that several sections of Plaintiffs' request seek all records pertaining to or concerning multiple different topics. Indeed, judges in this District have frequently held that requests phrased in such terms are too indeterminate to reasonably describe the records sought. *See supra* at 5-6. Because the complaint's defects are rooted in the underlying FOIA request, moreover, this Court should dismiss with prejudice, as any amendment would be futile. *See Abbas*, 783 F.3d at 1340.

\*   \*   \*

## CONCLUSION

This Court should dismiss Plaintiffs' complaint with prejudice.

Dated: January 3, 2023

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/
    BRADLEY G. SILVERMAN
    D.C. Bar No. 1531664
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-2575

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN LOWY et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES et al.,<br><br>    *Defendants*. | Civil Action No. 22-3529 (JMC) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED;

ORDERED that Plaintiffs' complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

_____        _____
Dated                     JIA M. COBB
                        United States District Court Judge